**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose CALDERON, also known as Maestro Calderon and Enrique Calderon, Defendant–Appellant.**

No. 07–4270.

United States Court of Appeals, Tenth Circuit.

Feb. 28, 2008.

Mark K. Vincent, Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

Mark J. Gregersen, Salt Lake City, UT, for Defendant–Appellant.

Before BRISCOE, EBEL, and LUCERO, Circuit Judges.

### ORDER AND JUDGMENT*

PER CURIAM.

The government moves to enforce the plea agreement it entered into with Jose Calderon.   Mr. Calderon admits that he "can set forth no legal grounds to oppose the motion to enforce the plea agreement." Response to Mot. to Enforce Plea Agreement at 4.   He therefore concedes the motion.   After independently applying the three-pronged analysis set forth in *United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir.2004), we conclude that the government's motion to enforce should be granted.

Mr. Calderon asks that if the motion to enforce is granted he be allowed to raise a claim of ineffective assistance of counsel in negotiating the plea in an appropriate proceeding.   Typically, such claims should be brought in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Delacruz–Soto,* 414 F.3d 1158, 1168 (10th Cir.2005).   Although, in his plea agreement, Mr. Calderon waived the right to challenge his sentence in a § 2255 proceeding, a claim of ineffective assistance of counsel concerning the negotiation of a plea agreement cannot be barred by the agreement's appeal waiver provision.   *See United States v. Cockerham,* 237 F.3d 1179, 1184 (10th Cir.2001). Accordingly, our dismissal of this appeal is

---

* This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G).   The case is therefore ordered submitted without oral argument.   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.   It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

without prejudice to Mr. Calderon's pursuing a claim of ineffective assistance of counsel in a § 2255 proceeding.

The government's motion to enforce the plea agreement is GRANTED, and the appeal is DISMISSED. The mandate shall issue forthwith.